NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| AARON RILEY, | : | Hon. Robert B. Kugler |
| Plaintiff, | : | Civil No. 12-3573 (RBK) |
| v. | : |  |
| STATE OF NEW JERSEY, et al., | : | OPINION |
| Defendants. | : |  |

**APPEARANCES**:

> AARON RILEY, #1108193, Pro Se
> Potomac Highlands Regional Jail
> 13 Dolan Drive
> Augusta, West Virginia  26704

**KUGLER**, District Judge:

Plaintiff Aaron Riley, a prisoner at Potomac Highlands Regional Jail in West Virginia, seeks to file a Complaint in forma pauperis pursuant to 28 U.S.C. § 1915.  This Court will grant in forma pauperis status to Plaintiff.  As required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, this Court has screened the Complaint for dismissal and, for the reasons set forth below, will dismiss the Complaint for failure to state a claim upon which relief may be granted.

**I.  BACKGROUND**

Plaintiff asserts violation of his constitutional rights under 42 U.S.C. § 1983 by the State of New Jersey and the Municipal Court of Hammonton.  He asserts the following facts:

> I was arrested at the Hammonton Mall in Mays Landing N.J. for disturbing a NJ Transit bus coming from A.C.  The police detained me and charged me with drug paraph[erna]lia.  Upon trial I pro-se was found guilty as charged and sentenced to six months imprisonment and fined two-thousand eight hundred dollars.  The state

> prosecutor recommended I receive the maximum sentence. "Plastic Jew[e]lry bags" are not illegal. No illegal substance was found. It is a violation of my Equal Protection to the laws Clause. I bought the plastic bags at K&H Jewelry store in Vineland N.J. They contained no illegal substance and were to be used as bead holders, etc. Nonetheless I am in debt for illegal reasons and am at risk for jail time. It is a rec[]ur[r]ing incident because of the fines.

(Dkt. 1 at 5.)

Plaintiff further states that he "was maliciously prosecuted and falsely imprisoned for empty plastic jewelry bags a period of 6 months." (Dkt. 1 at 4.) For violation of his constitutional rights, he asks "the Court to correct my illegal sentence by taking it off my criminal record and ordering the township to pay 200,000 thousand dollars restitution for false imprisonment, malicious prosecution, and pain & suffering." (Id. at 6.)

## II.  LEGAL STANDARD

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a District Court to screen a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner is seeking redress against a government employee or entity, and to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

To survive dismissal "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). Officials may not be held liable under § 1983 for the unconstitutional

misconduct of their subordinates.  Id. at 677.  Rather, the facts set forth in the complaint must show that each defendant, through the person's own individual actions, has violated the plaintiff's constitutional rights.  Id.  This Court must disregard labels, conclusions, legal arguments, and naked assertions.  Id. at 678-81.  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief," and will be dismissed.  Id. at 678 (citations and internal quotation marks omitted); see also Bistrian v. Levy, __ F.3d __, 2012 WL 4335958 *8 (3d Cir. Sept. 24, 2012) ("The touchstone of the pleading standard is plausibility"); Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d Cir. 2009) ("a complaint must do *more than allege the plaintiff's entitlement to relief*.  A complaint has to "show" such an entitlement with its facts") (emphasis supplied).  The Court is mindful, however, that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Iqbal.  See Erickson v. Pardus, 551 U.S. 89 (2007).

### III.  DISCUSSION

Federal courts are courts of limited jurisdiction.  See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884).  "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."  Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986).  Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects,

>or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

Plaintiff's claims for constitutional malicious prosecution and false imprisonment are barred by the favorable termination rule of Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court commented that "the hoary principle that civil tort actions are no appropriate vehicles for challenging the validity of outstanding criminal judgments applies to section 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement." Id. at 486. The Court held that, in order to recover damages for allegedly unconstitutional imprisonment or malicious prosecution, a § 1983 plaintiff must prove that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87; see also Muhammad v. Close, 540 U.S. 749, 751 (2004). Because Plaintiff does not indicate that his conviction and six-month sentence were reversed or overturned, his damage claims for malicious prosecution and wrongful detention are barred by Heck and will be dismissed.

In passing, and without further elaboration, Plaintiff Riley contends that his conviction "is a violation of my Equal Protection" of laws. (Dkt. 1 at 5.) To the extent that he seeks to assert a § 1983 claim of selective prosecution, the claim similarly fails. In order to state a selective prosecution claim in violation of equal protection, a plaintiff must show (1) "persons similarly situated have not been prosecuted," and (2) the decision to prosecute was "made on the basis of an unjustifiable standard, such as race, religion, or other arbitrary classification, or to prevent the defendant's exercise of a fundamental right." Government of Virgin Islands v. Harrigan, 791 F.2d 34, 36 (3d Cir. 1986) (citations and internal quotation marks omitted). As Riley makes no such allegations, the equal protection claim will also be dismissed.

This Court will accordingly dismiss the Complaint for failure to state a claim upon which relief may be granted. While a District Court generally grants leave to correct the deficiencies in a complaint by amendment, in this case, leave will not be granted because amendment would be futile. See DelRio-Mocci v. Connolly Properties Inc., 672 F.3d 241, 251 (3d Cir. 2012); Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).

### IV.  CONCLUSION

The Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint.


        s/Robert B. Kugler
        **ROBERT B. KUGLER**, U.S.D.J.

Dated:      October 8,     , 2012